**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000073
23-MAY-2014
09:38 AM**

NO. CAAP-13-0000073

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

TODD ATHERTON PERKINS, Plaintiff-Appellee, v.
TAMMY ASH PERKINS, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-DIVORCE NO. 11-1-0086)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Leonard, JJ.)

Defendant-Appellant Tammy Ash Perkins (**Tammy**) appeals from the January 10, 2013 "Order on Plaintiff's Motion for Post-Decree Relief Filed December 7, 2012," entered in the Family Court of the Second Circuit[1] (**family court**).

On appeal, Tammy, proceeding pro se, contends the family court erred by:

(1) finding Plaintiff-Appellee Todd Atherton Perkins (**Todd**) had provided Tammy alternative schooling options for their child before the March 2012 re-enrollment at Shining Mountain Waldorf School (**SMW**) located in Boulder, Colorado;

(2) finding Todd had provided Tammy notice that he could not afford to maintain their child's enrollment at SMW before the March 2012 re-enrollment; and

---

[1] The Honorable Mimi Desjardins presided.

(3) finding that the September 26, 2012 Divorce Decree was relevant to their child's March 2012 re-enrollment at SMW.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Tammy's appeal lacks merit.

> Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion. Thus, [an appellate court] will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006) (quoting In re Doe, 95 Hawaiʻi 183, 189-90, 20 P.3d 616, 622-23 (2001)). "Furthermore, the burden of establishing abuse of discretion is on appellant, and a strong showing is required to establish it." Ek v. Boggs, 102 Hawaiʻi 289, 294-95, 75 P.3d 1180, 1185-86 (2003) (internal quotation marks, citation, and brackets omitted).

Tammy does not substantiate her first contention with a record citation to the family court's finding that Todd had provided her alternative schooling options before March 2012. Tammy may have misinterpreted the family court's statement at the December 14, 2012 hearing: "[the family court] would strongly urge you [(Tammy)] to find an alternative schooling if possible." The family court did not find that Todd had provided alternative schooling arrangements, but rather urged Tammy to do so.

Nor does Tammy substantiate her second contention with a record citation to the family court's finding that Todd had provided Tammy notice that he could not afford to maintain their child's enrollment at SMW before the March 2012 re-enrollment. Again, Tammy may have misinterpreted the family court's statement at the December 14, 2012 hearing: "I also want to say that I, frankly, from looking over what's gone on here and your financial condition I don't see how you folks can afford to send this child

2

to private school at this point." The family court did not find that Todd had provided Tammy notice that he would be unable to afford SMW tuition, but rather offered its own observation that the parties' financial condition seemed to preclude private schooling. Further, the record contains Todd's August 1, 2012 Income and Expense statement, reflecting a monthly deficiency of $304, which the family court could have construed as notice to Tammy of Todd's financial condition.

Tammy's third contention is that the family court's oral ruling on December 14, 2012 "applied a stipulation in the divorce decree to an occurrence that took place six months earlier." The family court's application of the divorce decree to assess Todd's motion for post-decree relief itself did not constitute an abuse of discretion because "a divorce decree is conclusive as to the division and distribution of the real and personal property of the parties even when it is silent in that respect." Vaughan v. Williamson, 1 Haw. App. 496, 502, 621 P.2d 387, 392 (1980); see Hawaii Revised Statutes § 580-56 (2006 Repl.). Regarding the family court's ruling that Todd was not financially liable for half of their child's SMW tuition, Tammy argues:

> [Todd] was held equally responsible for three years prior and therefore should be held responsible for the 2012-2013 school year. To pardon [Todd] from this responsibility by applying a stipulation in the divorce decree, which took place, six months after her fourth year of re-enrollment, was a terrible mistake. The outcome placed an unexpected [$14,145] burden on [Tammy].

Tammy's argument may be construed as a potential promissory estoppel claim. See Dupree v. Hiraga, 121 Hawai'i 297, 314, 219 P.3d 1084, 1101 (2009) ("Pleadings prepared by pro se litigants should be interpreted liberally.") A promissory estoppel claim must have four elements: "(1) . . . a promise; (2) [t]he promisor must, at the time he or she made the promise, foresee that the promisee would rely upon the promise (foreseeability); (3) [t]he promisee does in fact rely upon the promisor's promise; and (4) [e]nforcement of the promise is

3

necessary to avoid injustice." Gonsalves v. Nissan Motor Corp. in Hawaii, Ltd., 100 Hawai'i 149, 164-65, 58 P.3d 1196, 1211-12 (2002) (citations omitted). For the purposes of promissory estoppel, a promise is "a manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made." Gonsalves, 100 Hawai'i at 165, 58 P.3d at 1212 (internal quotation marks and citation omitted). "The essence of promissory estoppel is detrimental reliance on a promise." Id. (internal quotation marks, citation, and footnote omitted).

Tammy's promissory estoppel claim would be that she had relied on a "promise" either from the family court or from Todd that Todd would be responsible for paying half of their child's SMW tuition when she paid the March 2012 enrollment fee. The family court's September 7, 2011 "Order of the Evidentiary Hearing held August 8, 2011" requiring Todd to pay for their child's SMW tuition for the fall semester cannot be construed as a "promise" to Tammy. Tammy specifically motioned for the family court to issue an order requiring Todd to pay for their child's SMW tuition going forward and the family court denied this motion.

Tammy could not have reasonably relied upon Todd's past payments for their child's Haleakalā Waldorf School tuition in Maui and SMW tuition in Colorado as a "promise" that he would continue to do so in March 2012. In a letter dated April 20, 2011, Todd's counsel informed Tammy's former attorney that Todd "does not believe that [SMW] is necessary since he does not believe it is best for [their child] to be removed from the State of [Hawai'i]." Accordingly, the family court appropriately found "there was not an agreement as to where [their child] was to attend school." The family court did not abuse its discretion by applying paragraph 5 of the divorce decree and determining that Tammy's decision to re-enroll their child in SMW was a unilateral decision and that Tammy could not financially bind Todd to a responsibility to pay the SMW tuition without his consent.

4

Therefore,

IT IS HEREBY ORDERED that the Family Court of the Second Circuit's January 10, 2013 "Order on Plaintiff's Motion for Post-Decree Relief filed December 7, 2012" is affirmed.

DATED:   Honolulu, Hawai'i, May 23, 2014.

On the briefs:

Tammy Ash Perkins
Defendant-Appellant pro se.

Guy A. Haywood
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge